# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**HECTOR J. CRUZ**, )
)
    Petitioner, )
)
v. )
) No. 10 C 4375
**UNITED STATES OF AMERICA,** )
)
    Respondent. )
)

## MEMORANDUM OPINION AND ORDER

Petitioner Hector Cruz ("Cruz") was sentenced to serve 120 months in prison after pleading guilty to conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846. He has filed a petition under 28 U.S.C. § 2255 seeking to vacate his sentence. Cruz challenges his sentence on two grounds: (1) that his counsel was constitutionally ineffective; and (2) that it was error to sentence him to perform at least twenty hours of community service "at the discretion of the U.S. Probation Office." Reply (Doc 7 ) at 2. For the reasons discussed below, the petition is denied.

I.

To prove that his counsel was constitutionally ineffective, Cruz "must demonstrate both that his counsel's performance was deficient when measured against prevailing standards of professional reasonableness, and that the deficient performance prejudiced his defense." *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010). Cruz

contends that his counsel's performance was deficient in two respects. First, he contends that his counsel "failed to conduct any investigation of defendant's background and present mitigating factors" with respect to his sentencing. Reply (Doc. 7) at 2. This claim is refuted by the record. Cruz's counsel submitted a memorandum discussing numerous mitigating factors and asserting multiple objections to the presentence investigation report ("PSR"). As a result, Cruz's counsel succeeded in eliminating eleven points from Cruz's criminal history calculation.

Cruz next contends that his counsel was ineffective for failing to investigate alleged inaccuracies in his PSR. Although the precise nature of the "inaccuracies" is unclear, Cruz indicates that the claim is related to his 2007 conviction in Illinois state court for contempt. The conviction stemmed from his failure to appear as a witness in the case of *People v. Justin O'Connor* on December 27, 2006. In some places, Cruz appears to claim that his counsel was remiss for failing to challenge the validity of the conviction. To the extent that Cruz advances such an argument, it is foreclosed by well-settled Seventh Circuit authority. *See, e.g.*, *United States v. Hoggard*, 61 F.3d 540, 542 (7th Cir. 1995) (holding that "a defendant may not collaterally attack a prior state conviction at sentencing unless the conviction is presumptively void -- that is, the lack of constitutionally guaranteed procedures is plainly detectable from the face of the record"). There is no suggestion

on the face of the record that Cruz's criminal contempt conviction lacked constitutionally guaranteed procedures.

At other points in his petition, Cruz seems to argue that, irrespective of its validity, his contempt conviction should not have been used in calculating his criminal history. The argument, insofar as I am able to reconstruct it, runs as follows: it is well-settled that "[w]hen calculating a defendant's criminal history category, a district court may not consider prior convictions for acts which constitute relevant conduct -- conduct that was part of the instant offense." *United States v. Bryant*, 557 F.3d 489, 503 (7th Cir. 2009). Under U.S.S.G. § 1B1.3(a)(1)(B), "relevant conduct" is defined to include "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." According to Cruz, the conduct underlying his contempt conviction was "relevant" to his federal conspiracy offense, because he incurred the conviction as a result of his attempt to "avoid detection or responsibility" for the drug-dealing activity that formed the basis for his conspiracy offense. In other words, Cruz maintains that he disregarded the subpoena ordering him to appear in court because he was on the run from the police and was worried that he might be apprehended if he showed up

to testify. Since the conduct underlying his contempt conviction was "relevant" in this way to his drug conspiracy offense, Cruz argues that it should not have been used in determining his criminal history category.

This argument is implausible. The Seventh Circuit has explained that in determining whether conduct is "relevant" for purposes of the Guidelines, "the district court must consider the acts giving rise to [the petitioner's] state-court conviction and evaluate whether those acts and the charged conspiracy were either 'part of a single episode, spree, or ongoing series of offenses,' or 'substantially connected to each other by . . . [a] common factor, such as common victims, common accomplices, common purpose, or similar modus operandi.'" *Bryant*, 557 F.3d at 503 (quoting U.S.S.G. § 1B1.3 cmt. n.9). Cruz's conviction for contempt cannot be considered "relevant conduct" in terms of any of these specific criteria. Indeed, Cruz makes no attempt to argue otherwise. *See, e.g,. United States v. Cogley*, 38 Fed. App'x. 231, 236 (6th Cir. 2002) (district court did not commit plain error in counting contempt conviction in calculating defendant's criminal history category). Because this argument is without merit, Cruz's counsel's failure to raise it does not render his performance deficient.

## II.

In addition to his claim for ineffective assistance of counsel, Cruz's petition argues that I erred when I sentenced him to perform

at least twenty hours of community service "at the discretion of the U.S. Probation Office." Reply (Doc. 7) at 2. Because Cruz did not raise this argument on direct appeal, it is procedurally defaulted. Indeed, even at this stage, Cruz has failed to elucidate the claim, much less provide any support for it. He asserts that the sentence improperly delegated authority to the Probation Office. He contends that his "sentence, and its maximum punishment, was given by a nonjudicial officer to another nonjudicial officer," and that this in "itself is a miscarriage of justice in violation of Article III." Reply at 4. But Cruz provides no support or explanation for any of these assertions: he does not explain why he believes that authority has been delegated from one "nonjudicial officer" to another; nor does he explain in what sense he believes authority over his "maximum punishment" has been delegated; nor again does he explain why such a delegation would ipso facto amount to a miscarriage of justice.

In short, the second basis for Cruz's petition, like the first, is unavailing. Since both of the arguments put forth in Cruz's petition fail, his petition is denied.

### III.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. "Where a district court has rejected the constitutional claims on the merits, the

showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

I denied Cruz's first argument on the merits and his second argument on procedural grounds. I find no basis on which reasonable jurists might disagree with either of these determinations. Consequently, I decline to issue Cruz a certificate of appealability.

IV.

For the reasons discussed above, Cruz's petition is denied and no certificate of appealability shall issue.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 9, 2010